| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 07/09/2020 |

| | |
|---|---|
| **IN THE MATTER OF RULE 45 SUBPOENA ISSUED TO SANDOZ INC. IN:**<br><br>IN RE TEVA SECURITIES LITIGATION | Civil Action No. 1:20-mc-00213<br><br>Underlying Litigation: United States District Court For The District Of Connecticut, Case No. 3:17-cv-00558 (SRU) |

# ORDER

WHEREAS currently pending before the Court are Plaintiffs' Motion to Compel Sandoz Inc., or Alternatively, to Transfer (Dkt. 1) and Non-Party Sandoz Inc.'s Motion to Quash or Modify The Subpoena and For Costs to Comply (Dkt. 9);

WHEREAS the relevant Rule 45 subpoena was issued in connection with a complex, securities class action, which has been pending before Judge Stefan Underhill in the District of Connecticut since 2017, *Ontario Teachers' Pension Plan Board, et al v. Teva Pharmaceutical Industries Ltd. et al*, 3:17-cv-558, Dkt. 76, (D. Conn. Apr. 4, 2017);

WHEREAS Rule 45(f) allows for a transfer of a subpoena-related motion to the issuing court, either with the consent of the subpoenaed party or if exceptional reasons outweigh the subpoenaed party's interest in local resolution of the motion, Fed. R. Civ. P. 45, Advisory Committee Notes ("[T]ransfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts.");

WHEREAS Sandoz Inc. opposes Plaintiffs' request to transfer this action to the District of Connecticut, Dkt. 10 at 28;

WHEREAS Sandoz Inc. is a Colorado corporation headquartered in New Jersey, Dkt. 4-9 ¶ 3;

WHEREAS, as Plaintiffs point out, Sandoz Inc., as a publicly traded company with significant financial resources, *see* Dkt. 4-9 (agreeing to pay $195,000,000 in penalties to the United States Treasury), has minimal, if any, articulable interest in resolving the motion in this district, which is neither Sandoz Inc.'s home district nor much closer than the adjacent District of Connecticut;

WHEREAS both parties, in disputing the merits of the pending motions, repeatedly reference Judge Underwood's rulings in order to persuade the undersigned as to the scope of relevant discovery;

WHEREAS Judge Underwood has ruled on a motion to dismiss and similar discovery disputes between the parties in the underlying litigation, *see* Dkt. 15; and

WHEREAS Plaintiffs are seeking discovery from other pharmaceutical companies that could involve similar disputes as to relevance and burden, *see* Dkt. 12 at 9;

IT IS HEREBY ORDERED THAT this action is transferred to the District of Connecticut pursuant to Rule 45(f). Sandoz Inc. has minimal interest in litigating the pending motions before the undersigned and will not be burdened by the transfer. The Court therefore finds that Sandoz Inc.'s interest in "local" resolution is outweighed by the need to avoid inconsistent rulings on what evidence would be relevant to Plaintiffs' claims in the underlying litigation—a prospect that is particularly prominent in complex litigation of this nature. The Court further finds that judicial economy favors a transfer, rather than an attempt by this Court to divine Judge Underhill's view of the scope of the underlying litigation from his recent rulings.

The Clerk of Court is respectfully requested to effectuate the transfer after seven days, in accordance with Local Civil Rule 83.1.

So **ORDERED** this 9th day of July 2020.

                                                          _____
                                                          Honorable Valerie E. Caproni
                                                          United States District Judge